FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD P.,[1]<br><br>      Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>      Defendant. | NO: 1:25-CV-03071-RLP<br><br>ORDER REVERSING AND<br>REMANDING THE COMMISSIONER'S<br>DECISION FOR FURTHER<br>ADMINISTRATIVE PROCEEDINGS |

  BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability benefits under Title II and supplemental social security income under Title XVI of the Social Security Act. The Court considered the matter without oral argument.

  As explained below, the Court finds that the ALJ erred in assessing Mr. P.'s severe impairments and residual functioning capacity, and remands the case for further proceedings in keeping with this opinion.

---

[1] The Court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. *See* LCivR 5.2(c).

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

## BACKGROUND

Mr. P. is 54 years old. He has a high school diploma and an associate's degree in electrical engineering. Tr. 110-11. In 2020, he enrolled in cybersecurity course but withdrew around 6 months into the program after suffering from a stroke. *Id*.

Mr. P. filed a claim for disability on December 16, 2021, alleging onset on June 4, 2021. His claims were denied initially on December 19, 2022, and upon reconsideration. Tr. 158, 172, 186, 202. Mr. P. thereafter requested a hearing, which was held virtually on April 4, 2024. Tr. 102-134. The ALJ issued an unfavorable decision on June 12, 2024, Tr. 102-134.

Mr. P. requested review by the Appeals Council, and attached statements from three of his treating physicians. The Appeals Council denied review. Tr. 2. Mr. P. now appeals to this Court.

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v.*

*Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. P. had not been engaged in substantial gainful activity since the alleged date of onset. Tr. 28. At step two, the ALJ found Mr. P. has the following severe impairments: degenerative disc disease, osteoarthritis, bilateral knee abnormalities, basil ganglia stroke, diabetes mellitus, essential hypertension, depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder (PTSD). At step three, the ALJ found that Mr. P. does not have an impairment or combination of impairments that meets the criteria of a listed impairment. The ALJ assessed that Mr. P. has the residual functioning capacity (RFC) to perform light work, with additional limitations including

"occasionally climbing of ladders, ropes or scaffolds; occasional stooping and crouching; able to understand, remember, and carry out detailed, but not complex work; working in approximately 2 hour intervals with standard work breaks provided; occasional superficial interaction with the public, co-workers and supervisors; and able to accept instructions from a supervisor." Tr. 31. At step four, the ALJ found Mr. P. is unable to perform any past relevant work. Tr. 40. At step five, the ALJ found that there are a significant number of jobs in the national economy that Mr. P. can perform. Tr. 42.

## DISCUSSION

Mr. P. argues that 1) the ALJ improperly omitted severe impairments at step two; 2) the ALJ's RFC finding was not supported by substantial evidence; and 3) the Medical Vocational Guideline Rules compel a finding of disability. The Court agrees that the ALJ's committed reversible errors, but finds that further administrative proceedings are necessary. Mr. P.'s arguments are addressed in turn.

*1. Severe Impairments*

Mr. P. contends that the ALJ erred at step two by failing to recognize his spinal scoliosis, migraines, bilateral lower extremity (leg) edema, bursitis, and sciatica as severe impairments, which led to a flawed RFC determination.

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or a combination of impairments.

*Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521. "Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47, 107 S.Ct. 2287 (1987)).

The ALJ's finding at step two was not supported by substantial evidence. With the exception of Mr. P.'s migraines, the ALJ did not mention any of the above impairments in its step two discussion despite records indicating diagnoses. The Court recognizes that a diagnosis alone is insufficient to establish that an impairment is severe. *See Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990). However, the total omission of these impairments provides no evidentiary basis for the ALJ's severity finding. *See generally Hensley v. Kijakazi*, 2023 WL 4700635, *1 n.1 (9th Cir. 2023) ("A non-severe finding at step two will be upheld if it is supported by substantial evidence").

As for whether finding Mr. P's additional impairments severe would have affected the RFC, Mr. P. assumes, incorrectly, that an ALJ's findings at step two determines the ALJ's RFC formulation. *See Buck v. Berryhill,* 869 F.3d 1040, 1048-49 (9th Cir. 2017). However, Mr. P.'s broader concern has merit in this case. The RFC must account for all medically determinable impairments regardless of severity, Social Security Ruling 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The ALJ not only failed to discuss several of these impairments at step two, but also failed to

consider any impact from those impairments in its RFC analysis. For example, the ALJ does not mention Mr. P's scoliosis prior to discrediting his testimony for receiving only conservative treatment for his scoliosis. Tr. 34. Mr. P.'s sciatica, bursitis and edema are entirely omitted from the decision.

On remand, the ALJ is instructed to reassess Mr. P's impairments at step two, and consider the impact of all medically determinable impairments in developing the RFC assessment.

*2. Residual Functioning Capacity*

Mr. P. contends that the ALJ erred in assessing his RFC. The Commissioner contends the RFC findings were supported by substantial evidence.

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ discredited substantial portions of the record based on a single, unexplained notation in Nurse Spaletta's report stating, "Waddell's positive."[2]

---

[2] Waddell's signs indicate non-organic or psychological component to low back pain. *Reinertson v. Barnhart,* 127 F. App'x 285, 289 (9th Cir. 2005).

1  This notation appears without context, explanation, or interpretation in the medical
2  record. Yet the ALJ wielded this isolated phrase to undermine Mr. P's reported
3  symptoms, reject his use of a cane, and discount the consistency of multiple medical
4  opinions. *See* Tr. 34, 36, 37, 39. Notably, aside from this unexplained notation, every
5  reference to Mr. P.'s cane in the record comes from physicians documenting it as
6  medically necessary.

7  This approach is particularly troubling given that Nurse Spaletta, despite
8  documenting this Waddell's finding, concluded Mr. P. was limited to less than two
9  hours of standing/walking Tr. 3193. Several other physicians reached the same
10 conclusion,[3] Tr. 8, 20, 3430, and assessed Mr. P. to be credible. Tr. 3194-98, 3603.

11 The internal consistency in the ALJ's reasoning compounds this error. The
12 ALJ expressly states that it is "not persuaded" by Nurse Spaletta's disability finding,
13 but simultaneously relies on the report as a primary basis for discrediting other
14 evidence.

15 These errors, individually and collectively, undermine confidence in the
16 outcome of this decision. The ALJ's credibility analysis lacks the substantial
17 evidence required to support it.

18
19
20
---

[3] Evidence Mr. P. submitted to the Appeals Council is now part of the administrative record. *Brewes v. Astrue*, 682 F.3d 1157, 1159–60 (9th Cir. 2012).

*3. Remedy*

Finally, Mr. P. contends that the ALJ erred at step five for relying on a flawed RFC. He argues that proper application of the grids place him in the sedentary exertional levels, and thus compel a finding of disability.[4]

The Social Security Act permits the district court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison*, 759 F.3d at 1019. When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir.2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Although a court should generally remand to the agency for additional investigation or explanation, the court also has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

---

[4] Mr. P's step five argument largely restates his step two and RFC arguments without clearly articulating a distinct basis for relief at step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Having found harmful error, the Court interprets and assesses this argument as a request for immediate award of benefits.

Under the credit-as-true rule, the Court may order an immediate award of benefits only if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) when considering the record as a whole and crediting the improperly discounted testimony as true, there is no doubt as to disability. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). However, even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Id.*

The first step of the credit-as-true rule is met, as discussed above. The next question is whether there are any outstanding issues which must be resolved by the ALJ. Here, there is objective medical evidence showing normal physical examinations, negative Romberg testing, and generally conservative treatment. Additionally, Dr. Platter assessed that Mr. P. could stand or walk six hours in an eight-hour day. Tr. 166. The conflicting evidence thus renders remand for immediate benefits inappropriate.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for further proceedings consistent with this

opinion. On remand, the ALJ shall address the errors set forth herein, reconsider the evidence, develop the record as needed, conduct a new sequential evaluation, and issue a new decision.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 11**, is **GRANTED** in part and **DENIED** in part. It is granted in part regarding Plaintiff's request to remand the action for further proceedings. It is denied in part regarding Plaintiff's request that the Court reverse the findings of the Commissioner and award benefits.

2. Defendant's Brief, **ECF No. 15**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED**. February 10, 2026

REBECCA L. PENNELL
United States District Judge

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 12